IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT CURTIS FINCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-150 |
| | ) | |
| MEDICAL COLLEGE OF GEORGIA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's "Motion for Summary Judgment" (doc. no. 12), "Motion For Emergency Medical Help" (doc. no. 14), "Motion For Judgment In Plaintiff's Favor" (doc. no. 22), and "Motion for Medical Examination" (doc. no. 23). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions be **DENIED**.

I. **DISCUSSION**

In considering Plaintiff's motions, a recounting of the procedural history will be helpful. Plaintiff originally filed the above-captioned complaint on December 1, 2009. Because Plaintiff's complaint was filed IFP, the Court must screen his complaint, pursuant

to 28 U.S.C. § 1915(e), to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Nonetheless, because of pleading deficiencies, the Court was unable to screen Plaintiff's complaint to determine which, if any, of his claims were viable and would be allowed to go forward. As such, the Court directed Plaintiff to file an amended complaint. (Doc. no. 20). Only after review of the amended complaint will the Court be able to make a determination on whether any Defendants should be served and required to defend against any claims. Thus, at this time, no Defendants have been served.

### A. Motion for Summary Judgment and Motion For Judgment in Plaintiff's Favor

In Plaintiff's motion for summary judgment, he asserts that he is entitled to summary judgment because he has "unquestionabl[y] and unarguabl[y]" shown deliberate indifference. (Doc. no. 12, p. 2). Plaintiff's motion for summary judgment consists of approximately two and a half pages of conclusory allegations that merely state that he is entitled to summary judgment, eight pages of names and addresses of individuals, and approximately forty pages of random pictures and letters. (See generally doc. no. 12).

As noted above, because of pleading deficiencies in Plaintiff's complaint, the Court has been unable to screen the complaint and determine which, if any, of the claims should go forward. As such, no Defendants have been served in the above-captioned case, let alone has there been an opportunity to develop the record or conduct any discovery. Thus, Plaintiff's motion for summary judgment is premature, at best.

In any event, Plaintiff did not file the separate statement of material facts required by Local Rule 56.1. As such, Plaintiff's motion does not comply with the letter or the spirit of

the Local Rule governing motions for summary judgment, and thus, is subject to summary denial. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules). Therefore, Plaintiff's motion for summary judgment should be denied without prejudice.

Next, the Court turns to Plaintiff's motion for judgment in his favor. (Doc. no. 22). It is unclear whether Plaintiff is asking that his motion for summary judgment be granted for Defendants' alleged failure to respond to the motion, or whether he is asking for a default judgment. Either request fails.

A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. In the

instant case, Plaintiff has yet to file his amended complaint for the Court to determine whether he has any viable claims. As such, no Defendant has been served in this matter. Accordingly, no Defendant has been required to plead or otherwise defend against Plaintiff's claims let alone defend against a prematurely filed motion. Therefore, Plaintiff is not entitled to a judgment in his favor, and his motions should be denied.

### B. Plaintiff's Motion for Emergency Medical Care and Motion for Medical Examination

Pursuant to these motions, Plaintiff requests: "emergency medical att[en]tion by competent honest professional doctors that will examine the human body properly and treat their patient like [an] AMERICAN CITIZEN and human being . . . ." (doc. no. 14, p. 1); and an "honest and competent medical examination by a doctor [that] will treat the Plaintiff like a truly moving professional" (doc. no. 23, p. 1). Thus, Plaintiff is apparently seeking injunctive relief.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of

persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, Plaintiff has not met his burden of persuasion on any of the four requisites for obtaining injunctive relief. For example, Plaintiff has failed to show that he has a substantial likelihood to succeed on the merits. Setting aside the fact that Plaintiff has not yet asserted any viable claims, his motions for injunctive relief request that he be given medical attention by a "competent professional doctor." Plaintiff has not listed any "competent professional doctor" as a Defendant. Therefore, Plaintiff seeks relief from an individual that has not been named, much less served, in the above-captioned case.

The Court only has jurisdiction over the named Defendants who have been properly served. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied*, No. 03-11580 (Table), 2004 WL 503604 (11th Cir. Mar. 2, 2004). This Court does not have jurisdiction over any Defendant (as none have been served), let alone an individual who has not been named as a Defendant in this case. As such, the Court cannot grant the relief requested in Plaintiff's motions. Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief. In sum, Plaintiff is not entitled to his sought-after injunctive relief, and his motions for emergency medical care and medical examination should be denied.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for Summary Judgment"(doc. no. 12), "Motion For Emergency Medical

Help" (doc. no. 14), "Motion For Judgment In Plaintiff's Favor" (doc. no. 22), and "Motion for Medical Examination" (doc. no. 23), be **DENIED**.

SO REPORTED and RECOMMENDED this 26th day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE