IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT CURTIS FINCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-150 |
| | ) | |
| MEDICAL COLLEGE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP")[1] in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

---

[1] Plaintiff was granted permission to proceed IFP. However, he was also informed:

> If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require him to pay either the entire filing fee or an appropriately determined partial filing fee.

(Doc. no. 20, p. 1). The Court is aware that an inquiry has been made as to Plaintiff's IFP status in a separate case he has pending in the United States District Court for the Southern District of Georgia. Finch v. Memorial Health Hospital, Civil Case No. 609-090, doc. no. 11 (S.D. Ga. Feb. 1, 2010). If it becomes apparent that Plaintiff's financial situation is such that he can pay the entire filing fee, his IFP status may be reconsidered in this case as well.

(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on January 13, 2010, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 20). Plaintiff filed his amended complaint, and it is that document that the Court will now screen. (Doc. no. 29). However, before the Court screens Plaintiff's amended complaint, it will first address Plaintiff's motion for injunctive relief.

## I. Plaintiff's Rule 35 Motion For Physical Examination

Pursuant to this motion, Plaintiff, for the third time, requests an Order directing a doctor to perform a medical evaluation/examination of Plaintiff. (Doc. no. 31, p. 1). Indeed, this time, Plaintiff requests a "physical examination/evaluation to be performed within a reasonable time by [the] presidentual [sic] doctor and celebrity author [] who can be reached at . . . ." (Id.). Thus, Plaintiff again seeks injunctive relief.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of

persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, Plaintiff has not met his burden of persuasion on any of the four requisites for obtaining injunctive relief. For example, Plaintiff has failed to show that he has a substantial likelihood to succeed on the merits. Setting aside the fact that Plaintiff, as discussed below, has not asserted any viable claims, his motions for injunctive relief request that he be given medical attention by the "presidential doctor." Plaintiff has not listed the "presidential doctor" as a Defendant. Therefore, Plaintiff seeks relief from an individual that has not been named, much less served, in the above-captioned case. The Court only has jurisdiction over the named Defendants who have been properly served. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied*, No. 03-11580 (Table), 2004 WL 503604 (11th Cir. Mar. 2, 2004). This Court does not have jurisdiction over any Defendant (as none have been served), let alone an individual who has not been named as a Defendant in this case. As such, the Court cannot grant the relief requested in Plaintiff's motion. Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief. In sum, Plaintiff is not entitled to his sought-after injunctive relief, and his motions for emergency medical care and medical examination should be denied.

## II. SCREENING OF AMENDED COMPLAINT

### A. Background

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Billy Nichols; (2) Larry Sims, (3) Timmothy

Young, and (4) Augusta State Medical Prison ("ASMP"), Thurbert Baker. (Doc. no. 29, p. 1). Plaintiff states that between July 16, 2008 and August 31, 2008, Defendants Nichols and ASMP "neglectfully" failed to provide Plaintiff with an emergency medical evaluation. (Id.). Plaintiff alleges that he requested an emergency medical evaluation because he was somehow "mistreated." (Id.).

Next, Plaintiff claims that on July 29, 2008, Defendants Young and ASMP neglected to evaluate his medical complaint concerning severe pain in his neck, shoulder, back, hip, and abdomen. (Id. at 1-2). Plaintiff maintains that Defendant Young instructed Plaintiff to wait until he was released from incarceration to seek medical attention. (Id. at 2). Plaintiff further claims that on August 19, 2008, Defendants Sims and ASMP failed to provide him with medical attention upon his request.

Plaintiff maintains that he has suffered physical and mental pain and injury and "a priceless life and body." (Id.). Plaintiff "demands judgment against [Defendants Nichols, Sims, and Young] for $7,000,000.00 [each] plus 40% of the claim of $300.00 an hour for attorneys fees[,] which ever is more[,] and 12% interest per day from the date of [of the alleged constitutional violation]." (Id. at 2). Lastly, Plaintiff "demands judgment against [ASMP] for $1,000,000,000.00 with no attorneys fee or interest."[2] (Id.).

---

[2] Plaintiff also attached various superfluous documents to his amended complaint. These documents consist of what appear to be criminal complaints, prepared by Plaintiff, against the individual Defendants wherein Plaintiff seeks a "judgment" against each Defendants for "life without parole." (See doc. no. 29, pp. 3-8). Plaintiff also attached summonses. (See id. at 9-16).

4

B.  **Discussion**

1.  **Defendants Not Named In The Amended Complaint**

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 20, p. 3) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names four of the original Defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendants (1) Medical College of Georgia; (2) James Clifton; (3) Emanuel Probation Detention Center; (4) and Cherell Powell, these four Defendants should be dismissed from this lawsuit.

2.  **Failure To State A Claim**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a claim for relief against any Defendant named in the amended complaint. First concerning ASMP, Plaintiff does not explain how this Defendant – as an entity – is capable of being sued for any improper actions that are alleged to have occurred as the result of the individually named Defendants' actions. Second, concerning all Defendants, Plaintiff only sets forth conclusory allegations against them. For example, Plaintiff makes conclusory allegations that Defendants acted "negligently" for failing to provide Plaintiff with

emergency medical treatment. Vague and conclusory allegations are insufficient to state a civil rights claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim). Plaintiff does not indicate why he needed emergency medical treatment. Plaintiff merely states that he sought the treatment because he was mistreated; Plaintiff does not describe how he was mistreated. Although Plaintiff claims that the failure to provide him with the emergency medical treatment resulted in pain and suffering, he never indicates what his medical problem was or what his injury was (i.e., what caused the pain and suffering).

Furthermore, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Plaintiff has not described any overt acts by Defendants, let alone an action that caused a legal wrong. Thus, in the absence of an allegation of any connection between actions of Defendants with an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against any Defendant. See Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

To the extent Plaintiff alleges that Defendant Young neglected to evaluate Plaintiff's complaint for pain in his neck, shoulder, back, hip, and abdomen, his claim also fails. This allegation, similar to his other allegations, is vague and conclusory. Fullman, 739 F.2d at 556-57. Furthermore, as the Court explained in its January 13th Order, to state a viable

6

Eighth Amendment claim, Plaintiff must claim (1) that he had an objectively serious medical need, (2) that a Defendant acted with deliberate indifference to that need, and (3) that Plaintiff's injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citations omitted). However, as described herein, Plaintiff has not provided the necessary details for the Court to determine if he has a viable claim. Here, Plaintiff has not alleged that he had an objectively serious medical need, let alone that any Defendant was deliberately indifferent to that need, much less that any Defendant caused Plaintiff's injury by wrongful conduct.

Finally, regarding Plaintiff's state law claims, because Plaintiff has failed to state any viable federal claims against Defendants, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no

7

longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

Simply put, even *liberally* construing Plaintiff's amended complaint, he has not alleged sufficient information to show that he is entitled to relief. Therefore, the above-captioned complaint should be dismissed for failure to state a claim upon which relief may be granted, Plaintiff's state law claims should be dismissed without prejudice, and this civil action should be closed.[3]

---

[3] In light of the above recommendation, Plaintiff's second motion for summary judgment (doc. no. 33) should be denied. Furthermore, even if the Court were not recommending dismissal of Plaintiff's case, Plaintiff motion for summary judgment should

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for Summary Judgment" (doc. no. 33) be **DENIED**, and that Plaintiff's "Rule 35 Motion For Physical Evidence" (doc. no. 31) be **DENIED**. The Court further **REPORTS** and **RECOMMENDS** that the above-captioned complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's state law claims be **DISMISSED** without prejudice, that and that this civil action should be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

be denied for the same reasons stated in the Court's January 26, 2010 Report and Recommendation addressing Plaintiff's first motion for summary judgment. (Doc. no. 27).